### RUSSELL *v.* HARRIS.

When there is no assignment of error of law other than that the verdict of the jury is contrary to law and to the evidence because of an apparent preponderance under conflicting testimony in favor of one party rather than the other, the judgment of the trial judge refusing a new trial will not be disturbed if there is any evidence in behalf of the prevailing party sufficient to authorize the verdict which was returned.

No. 3896. APRIL 17, 1924.

Equitable petition. Before Judge Searcy. Lamar superior court. June 6, 1923.

*E. F. Dupree,* for plaintiff in error.

*C. J. Lesler* and *J. F. Redding,* contra.

RUSSELL, C. J. Ed Russell sought to put Dollie Harris out of possession of a house and lot in the city of Barnesville. Dollie

Harris arrested this proceeding by filing a petition for injunction, for cancellation of two deeds which she alleged were clouds upon her title, and for the purpose of adjudicating all her rights in and to the premises. Upon the trial of the issues raised by the petition for injunction and other relief and the answer of Ed Russell, the jury found in favor of the plaintiff; and in accordance with the verdict a judgment was entered annulling the deeds upon which Russell relied, setting up the title of Dollie Harris, and perpetually enjoining Russell from thereafter in any way interfering with her possession of the premises. The defendant made a motion for a new trial, which was overruled, and exception is taken to this judgment. The motion is based upon the general grounds only. There is no complaint that any error of law was committed in the progress of the trial. The insistence of the plaintiff in error strongly urged is that the evidence in favor of the defendant so strongly preponderates over the evidence in behalf of the plaintiff that it was error for the trial court to refuse a new trial. It is well settled that questions as to the comparative value of conflicting testimony are for the determination, first, by the jury, and secondly, by the trial court upon review; and that a reviewing court will not undertake to interfere with the discretion of the trial judge in the refusal of a new trial, if there is any evidence to authorize the verdict. Under this rule it cannot be said that the trial judge erred in refusing a new trial. *Judgment affirmed. All the Justices concur.*